UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| JIMMY DIAZ, | § | |
| | § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. 3:13-CV-199 |
| | § | |
| RICK THALER, | § | |
| | § | |
| Respondent. | § | |

## ORDER OF DISMISSAL

Petitioner Jimmy Diaz (TDCJ #1737301) filed a petition for writ of habeas corpus challenging eight judgments and sentences of the 23rd District Court of Brazoria County, Texas.  Diaz pled guilty pursuant to a plea agreement and agreed to a five year sentence on August 22, 2011. Now before the Court is the Respondent's motion to dismiss this petition as time barred.  Having carefully reviewed the state court records and all pleadings, including petitioner's response, the Court dismisses this petition as time barred.

## I.    AEDPA's One-Year Statute of Limitations

The petition is subject to the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996).   Under AEDPA, habeas corpus petitions are subject to a one-year limitations period found in 28 U.S.C. § 2244(d)(1)–(2), which provides as follows:

(d)(1)    A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –

    (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2)    The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

## II.    Filing Timetable

Diaz did not file a direct appeal or petition for discretionary review.[1]  He filed a state application for writ of habeas corpus on July 31, 2012, which was dismissed by the Texas Court of Criminal Appeals as non-compliant with Rule

---

[1] *See* http://www.search.txcourts.gov/CaseSearch.aspx?coa=coa01.

73.1 of the Texas Rules of Appellate procedure.  The instant petition was filed on May 24, 2013.

### III.    Discussion

Having reviewed the state court records, the Court has determined that petitioner's federal petition is untimely.  The statute of limitations began to run on the date that the judgment became final after direct review or the expiration of time for seeking such review.  28 U.S.C. § 2244(d).  Diaz did not file a direct appeal; therefore, his judgment became final on September 21, 2011, thirty days after the time for seeking appellate review expired.  Diaz then had one year from that date, or until September 12, 2012, to file a federal habeas petition.  He filed his federal petition on May 24, 2013, almost eight months beyond the limitation expiration date.

The AEDPA limitations period is tolled during the time in which a properly filed state habeas application is pending in state court. 28 U.S.C. § 2244(d)(2).  Diaz filed his state petition on July 31, 2012, but the Court of Criminal Appeals dismissed it as noncompliant.  Because the petition was not properly filed, it cannot be counted toward any period of limitation under section 2244(d)(2).  *See Larry v. Dretke*, 361 F.3d 890, 895 (5th Cir. 2004) ("As the Supreme Court emphasized in *Artuz,* an application 'erroneously accepted by the clerk of a court lacking jurisdiction . . . will be *pending,* but not *properly filed*.'" (citing *Artuz v.*

*Bennett,* 531 U.S. 4, 9 (2000) (italics in original))); *see also Edwards v. Dretke,* 116 Fed. App'x 470, 2004 WL 2278502 (5th Cir. 2004) (holding state habeas application was not properly filed because it failed to comply with Texas Rule of Appellate Procedure 73.2); *Mays v. Stephens*, 2013 WL 4766844, at *1 (N.D. Tex. Sept. 5, 2013) ("This petition, however, did not toll the limitations period because it was dismissed for failure to comply with Texas Rule of Appellate Procedure 73.1 and therefore was not 'properly filed.'  Statutory tolling applies only during the pendency of a 'properly filed' state habeas application." (citing 28 U.S.C. § 2244(d)(2); *Artuz*, 531 U.S. at 8; *Larry*, 361 F.3d at 894–95; *Edwards*, 116 Fed. App'x 470)).

And petitioner has also failed to show that he is entitled to equitable tolling. Equitable tolling is permitted only in rare and exceptional circumstances when an extraordinary factor beyond a petitioner's control prevents him from filing in a timely manner.  *See Holland v. Florida*, 130 S.Ct. 2549, 2560 (2010).  Nothing in the record suggests that petitioner was misled or prevented in an extraordinary way from timely filing his petition.  Because petitioner is entitled to neither statutory nor equitable tolling, this petition is barred.

## IV.   Certificate of Appealability

Under 28 U.S.C. § 2253, a petitioner must obtain a certificate of appealability before he can appeal the district court's decision to dismiss his

petition.  The Court will grant a certificate of appealability only if the petitioner makes a "substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  In order to make a substantial showing, a petitioner must demonstrate that issues are debatable among jurists of reason; that a court could resolve the issues in a different manner; or that the questions are adequate to deserve encouragement to proceed further.  *Lucas v. Johnson*, 132 F.3d 1069, 1073 (5th Cir. 1998).  For the reasons stated in this order, petitioner has not made a substantial showing of the denial of a constitutional right.  *Newby v. Johnson*, 81 F.3d 567, 569 (5th Cir. 1996).  The Court will deny the issuance of a certificate of appealability.

The Court **ORDERS**:

1.    The petition for writ of habeas corpus is **DISMISSED** with prejudice as time-barred.

2.    A certificate of appealability is **DENIED**.

**SIGNED** this 10th day of February, 2014.

Gregg Costa
United States District Judge